**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4293**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOSE LUIS SANTILLAN, a/k/a Joe,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00381-FDW-2)

Submitted: April 21, 2011          Decided: April 26, 2011

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Santillan appeals from his convictions for conspiracy to possess with intent to distribute cocaine and marijuana and possession with intent to distribute cocaine, and his resulting 155-month term of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Santillan received ineffective assistance of counsel. In his pro se supplemental brief, Santillan raises numerous additional claims.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such a claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id. An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). The record before us fails to conclusively establish ineffective assistance. Thus, Santillan's claim is not cognizable on direct appeal.

Regarding the claims raised in Santillan's pro se supplemental brief, we find them to be meritless. Specifically, Santillan asserts that the presentence report ("PSR") contained "plain error" regarding the drug amount and the failure to

2

provide for a reduction under the "safety valve."  However, Santillan stipulated to the accuracy of the factual allegations in the PSR, and absent any objection, the district court was free to adopt the PSR's findings.  See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).  Santillan also asserts that the district court erred by accepting counsel's withdrawal of certain objections to the PSR.  However, there was no error in granting Santillan's counsel's request.[*]

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Santillan's convictions and sentence.  We deny Santillan's motion to substitute counsel.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation or Santillan may renew his motion. Counsel's motion must state that a copy thereof was served on

---

[*] Santillan also raises claims of failure to respond to "Brady" requests and judicial bias.  These claims are not supported by the record.  In particular, Santillan did not make any "Brady" requests until after his judgment was entered, and the sentencing court did not make the statements of which Santillan complains.

3

the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED